IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JORGE MARTINEZ,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING OBJECTION TO PROPOSED EXPERT TESTIMONY AND RENEWED REQUEST FOR *DAUBERT* HEARING<br><br><br>Case No. 2:05-CR-148 TS |

    This matter is before the Court on the Objection to Proposed Expert Testimony and Renewed Request for *Daubert* Hearing filed by defendant Jorge Martinez (hereinafter Martinez).

    Defendant objects to the proposed expert testimony for the government by three experts identified by the government. All three are law enforcement officers whose testimony is offered on the subjects of the "techniques, modes, and methods by which drug traffickers conduct business, including wholesale and resale distribution, the distribution of drugs on a credit system ("fronting"), the process of "cutting" drugs to increase profit

1

margins, methods of packaging drugs for sale or transport, distribution versus user quantities of controlled substances, the valuation of controlled substances, and the identification of equipment, tools, and paraphernalia common to [the] use and sale of controlled substances."[1]  Martinez objects to the proposed testimony on the grounds that such testimony is not the proper topic of an expert's testimony under Rule 702[2] because it will not assist the trier of fact, it is not the product of reliable scientific principles and method, and there has been no expert report.  Martinez requests a *Daubert* hearing for the purpose of determining the admissibility of such testimony.

The government contends that the testimony is the product of reliable principles and methods because it is based upon the witnesses' experience and expertise in the area of narcotics.  The government contends that the officers' specialized knowledge will assist the jury because an average person with no knowledge of the drug world would not understand the significance of quantities of drugs.

As an initial matter, the Court notes that the government has also submitted a Notice of Intent to Rely on Expert Testimony for a forensic chemist, whose qualifications and testimony are not challenged[3] and, therefore, the Court need not address that witness' qualifications or testimony in this Decision.

---

[1] Docket Nos. 75 and 81, Notices of Expert Testimony.

[2] Fed. R. Evid. 702.

[3] Docket No. 74.

In the *Daubert* line of cases, the Supreme Court held that trial courts have an obligation to ensure that expert testimony "is not only relevant, but reliable."[4]

> A district court must conduct a two-part inquiry to fulfill its gatekeeping role. First, the court asks whether the proffered testimony has "a reliable basis in the knowledge and experience" of the relevant discipline. . . . Second, the court must determine if the testimony is "relevant to the task at hand."[5]

The "gatekeeping" requirement set forth in *Daubert* applies not only to testimony based on 'scientific' knowledge, but also to testimony based on experience and training.[6]  Under Rule 702, expert testimony is permitted "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue."[7] "Rule 702 thus dictates a common sense inquiry of whether a juror would be able to understand the evidence without specialized knowledge concerning the subject."[8]  The Tenth Circuit has applied this standard specifically to law enforcement agents testifying as experts on drug trafficking and "has repeatedly held that in narcotics cases, expert testimony can assist the jury in understanding transactions and terminology."[9]  The Tenth

---

[4] *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 589 (1993).

[5] *United States v. Tarin Ellis*, 2006 WL 2411461, *4 (10th Cir. 2006) (unpublished order) (holding trial court's failure to make *Daubert* analysis re: witness' techniques for extrapolating amount of drugs was harmless because other witnesses testified as to the amounts of drugs purchased).

[6] *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1163 (10th Cir. 2000) (citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S.137 (1999)).

[7] Fed.R.Evid. 702.

[8] *United States v. McDonald,* 933 F.2d 1519, 1522 (10th Cir. 1991).

[9] *United States v. Quintana*, 70 F.3d 1167, 1171 (10th Cir. 1995).

Circuit has also held the significance of the amount of drugs possessed is specialized knowledge that is outside the understanding of those unfamiliar with the drug trade.[10]

The government has filed Notices of Intent to Rely on Expert Testimony for two of the officers, together with a summary of their expected testimony and their curriculum vitae listing their experience and training. These are adequate to establish that the officers are qualified by training and experience to testify as experts on the issues set forth in the Notices.

The Court finds that ordinary jurors would not be expected to be familiar with the particulars of the illegal drug trade such as those set forth in the Notices. The Court finds that a juror would not be able to understand evidence on such issues without specialized knowledge. Martinez is charged with possession with intent to distribute a controlled substance and aiding and abetting the same. Therefore, the Court finds that the two witnesses' testimony would assist the jury to understand the evidence and to determine a fact in issue in this case.

The Court notes that there is no Notice as to one of the government's proffered experts, Trooper Jeffrey. Therefore, the Court will reserve ruling as to his qualifications and as to whether he may testify as an expert.

---

[10] *United States v. Hartman,* 2006 WL 2567800, *5 (10th Cir. 2006) (unpublished Order) (finding no error in trial court's admission of experienced narcotics officer's expert testimony on "habits of drug dealers-including the amounts and combinations of drugs, methods of distribution" because it was information not within the expertise of a lay person and therefore the officer's testimony would assist in informing the average juror); *State v. Rothlisberger*, 560 Utah Adv. Rep. 4, 8 (Utah 2006) (police chief's testimony on amount of methamphetamine typifying personal use is expert testimony that could only be admissible though Rule 702 of Utah Rules of Evidence).

Finally, the Court notes that it appears from the Notices that the officer witnesses may attempt to testify as both fact and expert witnesses. If that is the case, the parties shall confer and attempt to agree on a cautionary instruction for the jury regarding such a witness' dual roles.[11] It is therefore

ORDERED that Defendant Martinez' Objection to Proposed Expert Testimony and Renewed Request for *Daubert* Hearing (Docket No. 83) is DENIED. It is further

ORDERED that subject to establishing their qualifications at trial, the proffered experts may offer expert testimony at trial in accordance with the Notices, except for Trooper Jeffrey, and the Court reserves all issues of his expert testimony until trial. It is further

ORDERED that the parties shall confer and attempt to submit a joint proposed cautionary jury instruction for any witness who will testify in a dual role as both an expert and a fact witness.

DATED October 10, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[11] *E.g. United States v. Harris*, 192 F.3d 580, 588-89 (6th Cir. 1999) ("both the district court and the prosecutor should take care to assure that the jury is informed of the dual roles of a law enforcement officer as a fact witness and an expert witness, so that the jury can give proper weight to each type of testimony.").